UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD E JOHNSON,

        Plaintiff,

COMPCARE HEALTH SERVICES INSURANCE
CORPORATION,

        Involuntary Plaintiff,

v.                                             Case No. 24-cv-120-bhl

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY et al,

        Defendants.

## ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

      Plaintiff Edward E. Johnson is pursuing negligence and products liability claims against Defendants SkyWest Airlines, Inc. (SkyWest), Allianz Global Risks US Insurance Company (Allianz), Bombardier, Inc. (Bombardier), and Mitsubishi Heavy Industries America, Inc. (Mitsubishi) for injuries he sustained when an airplane's overhead panel fell on him as the plane landed in Milwaukee, Wisconsin. (ECF No. 48.) Bombardier has moved to dismiss Johnson's claims on personal jurisdiction grounds. (ECF No. 53.) Because this Court can exercise personal jurisdiction over Bombardier under a "stream of commerce" theory, Bombardier's motion to dismiss will be denied.

## BACKGROUND

      On May 13, 2021, Plaintiff Edward Johnson was a passenger on a SkyWest flight bound for Milwaukee, Wisconsin. (ECF No. 48 ¶10.) Immediately after the plane landed, Johnson was injured when an overhead panel or storage compartment fell from the plane's ceiling and onto Johnson's seat. (*Id.*) Johnson initially sued SkyWest and its insurer, but, after identifying Bombardier as the airplane's manufacturer in discovery, he amended his complaint to add Bombardier as a defendant. (ECF No. 48 ¶¶9, 28–35.)

Bombardier is a Canadian corporation headquartered in Dorval, Quebec, Canada that designs and manufactures airplanes. (ECF No. 54 ¶¶5–6; ECF No. 59-1.) While the company does not have a physical presence in Wisconsin, (ECF No. 54 ¶¶7–11), Bombardier airplanes are frequently present in the state. SkyWest's 2021 Form 10-K indicates that more than half of the company's fleet consisted of aircraft manufactured by Bombardier during the year in which Johnson was injured. SkyWest, Inc., Annual Report (Form 10-K) (Feb. 27, 2022). As of December 31, 2021, SkyWest owned 241 CRJ-series Bombardier aircraft and leased an additional 57, accounting for 298 of the 509 aircraft then in service for SkyWest.[1] *Id.* at 28. These planes frequented Wisconsin skies and airports. For the year in question, SkyWest flights traveled to airports in Milwaukee, Madison, La Crosse, Appleton, Eau Claire, and Green Bay. Skywest also owned and operated an aircraft maintenance facility in Milwaukee. *Id.* at 29.

## LEGAL STANDARD

Bombardier seeks dismissal on personal jurisdiction grounds. Federal Rule of Civil Procedure 12(b)(2) governs a defendant's challenge to a federal court's ability to hear a case for lack of personal jurisdiction. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Under the rule, unless the plaintiff can demonstrate that jurisdiction exists, the case must be dismissed. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). If the defendant submits "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction." *Purdue Rsch. Found.*, 338 F.3d at 783.

## ANALYSIS

As a general matter, questions concerning a district court's personal jurisdiction are controlled by the law of the forum state. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (citing Fed. R. Civ. P. 4(k)(1)(A)). In Wisconsin, personal jurisdiction is governed by Wisconsin's long-arm statute, Wis. Stat. § 801.05, which has been interpreted "to confer jurisdiction 'to the fullest extent allowed under the due process clause.'" *Id.* at 678 (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). Given the scope of Wisconsin's

---

[1] The Court may take judicial notice of these facts, which are not subject to reasonable dispute because they "can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

long-arm statute, this Court may exercise personal jurisdiction over Bombardier if doing so comports with the Fourteenth Amendment's Due Process Clause. *See id.* ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").

A court's exercise of personal jurisdiction comports with due process if it is established either generally or specifically. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021). General jurisdiction exists where the defendant is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For an incorporated business entity like Bombardier, general jurisdiction is appropriate in its state of incorporation or the location of its principal place of business, usually its headquarters. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945). The parties agree that this Court cannot assert general jurisdiction over Bombardier given that it is a Canadian corporation headquartered in Quebec, Canada. Accordingly, this Court can only exercise personal jurisdiction over Bombardier based on "specific jurisdiction" principles.

A court can exercise specific jurisdiction over a defendant if the defendant has sufficient minimum contacts with the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). In analyzing whether a defendant's contacts with the forum state are sufficient to satisfy due process, the Seventh Circuit has identified three requirements. First, the defendant must have either "purposefully availed" itself of the privilege of conducting business in the forum state or "purposefully directed" its activities at the state. *Felland*, 682 F.3d at 673. Second, the injury at issue must have arisen from the defendant's forum-related activities. *Id*. Third, the Court's exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." *Id*.

As to the first requirement, Johnson invokes the long-established "stream of commerce" theory of specific personal jurisdiction. Johnson insists that Bombardier purposely availed itself of the privilege of conducting business in Wisconsin by manufacturing the aircraft in question and placing it into use by SkyWest, which does substantial business in this state. (ECF No. 57 at 4–6.) Johnson's argument finds support in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), in which the Supreme Court recognized that a "forum State does not exceed its powers

under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." 444 U.S. at 297–98. The Seventh Circuit has confirmed that the stream of commerce theory applies in products liability cases. *See J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). Under Seventh Circuit law, a defendant is subject to specific jurisdiction in a forum state if it "delivers products into a stream of commerce, originating outside the forum state, with the awareness or expectation that some of the products will be purchased in the forum state." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004). The Seventh Circuit applies a "knowledge" version of the stream-of-commerce theory, rather than a "targeting" version, meaning that "[a]s long as a participant in [the stream of commerce] is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise." *B.D. ex rel. Myer v. Samsung SDI Co.*, 91 F.4th 856, 861 (7th Cir. 2024) (alterations in original) (quoting *Asahi Metal Indus. Co. v. Super. Ct. Cal.*, 480 U.S. 102, 117 (1987) (Brennan, J. concurring)).

Under this Seventh Circuit law, the stream of commerce theory supports the Court's exercise of personal jurisdiction over Bombardier. By manufacturing airplanes and selling them to SkyWest, Bombardier placed its products into a stream of commerce. SkyWest, in turn, marketed flights to Wisconsin citizens, with stops in Milwaukee, Madison, La Crosse, Appleton, Eau Claire, and Green Bay. The possibility of a lawsuit in Wisconsin thus can come as no surprise to Bombardier. *See id.*

Bombardier objects that the stream of commerce theory should not apply here because Bombardier did not offer its products (airplanes) for sale to consumers in this state, but rather sold its products to another business, SkyWest, which then made the decision to use the planes in Wisconsin. (ECF No. 60 at 7–8.) While Bombardier is correct that this case does not fit squarely within any particular precedent, the holdings in the existing caselaw apply here. In *World-Wide Volkswagen*, the Supreme Court explained that while an isolated incident occurring in the forum state, even if foreseeable, is insufficient to establish personal jurisdiction, when contact with the forum state "arises from the efforts of the manufacturer or distributor to serve *directly or indirectly*, the market for its product in [that state], it is not unreasonable to subject it to suit." 444 U.S. 286 at 295–97. (emphasis added). Bombardier's contacts with Wisconsin do not relate to a single, isolated airplane touchdown in Wisconsin occurring through no action of Bombardier. As

SkyWest's public securities filings make clear, Bombardier designed and manufactured a *majority* of SkyWest's airplanes, and the airline frequently used those planes at a number of Wisconsin cities and airports.

Bombardier cannot avoid personal jurisdiction by claiming that it sold planes to SkyWest without "any expectation or knowledge that the plane would be . . . used in the State of Wisconsin." (*See* ECF No. 60 at 8.) The stream of commerce theory recognizes that manufacturers of goods often "serve, directly or indirectly, and derive economic benefit from a wide[] market." *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1125 (7th Cir. 1983). Thus, a state may exercise personal jurisdiction over a manufacturer that places its products in the stream of commerce knowing it will end up being used in a particular state, even if the manufacturer has no direct ties to the state. *See id.* at 1126–27. By selling its airplanes to SkyWest, Bombardier placed them into the stream of commerce, with the knowledge that they would be used within the State of Wisconsin. Under Seventh Circuit precedent, that is sufficient to establish purposeful availment. *See id.*; *Samsung SDI*, 91 F.4th at 861.

As for the second element of specific jurisdiction, there is no dispute that the alleged injury arose from Bombardier's forum-related activities. Johnson alleges he was injured on a SkyWest flight in Wisconsin, on a plane manufactured by Bombardier. Thus, his alleged injuries arose from Bombardier's forum-related activities as discussed above.

Finally, Johnson must establish that the exercise of jurisdiction over Bombardier would comport with traditional notions of fair play and substantial justice. In determining the fairness of exercising jurisdiction, courts consider: "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992) (quoting *Asahi*, 480 U.S. at 113). The Court "must also weigh . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (quoting *Asahi*, 480 U.S. at 113). Johnson argues that the Court's exercise of personal jurisdiction over Bombardier comports with traditional notions of fair play and substantial justice because the aircraft was used in Wisconsin, its defects surfaced in Wisconsin, a Wisconsin resident was

injured,[2] and Wisconsin has a compelling interest in regulating manufacturers that expose Wisconsin residents to defective products. (ECF No. 57 at 7.)

Bombardier contends that, as a Canadian company, it would be heavily burdened if compelled to defend a lawsuit in Wisconsin. (ECF No. 60 at 9.) It further contends that adding it as a party would not promote judicial efficiency and that Wisconsin's interest in exercising jurisdiction is "attenuated at best" because SkyWest is a more appropriate defendant, and Wisconsin has no greater interest in exercising jurisdiction over Bombardier than the other 49 states SkyWest might travel to. (*Id.*) The Court is satisfied that exercising personal jurisdiction over Bombardier comports with traditional notions of fair play and substantial justice. In *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 668 (7th Cir. 1986), the Seventh Circuit concluded that the exercise of personal jurisdiction over a fireworks manufacturer was justified where the allegedly defective fireworks were used in Wisconsin (despite being purchased in another state), the alleged defects surfaced in Wisconsin, and a Wisconsin resident was injured. The Court of Appeals noted that Wisconsin "has a compelling interest in regulating the conduct of manufacturers that expose Wisconsin residents to the hazards of defective products." *Id.* The facts of this case are analogous. The airplane allegedly manufactured by Bombardier was used in Wisconsin, the alleged defect surfaced in Wisconsin, and it injured a Wisconsin resident. These interests outweigh any burden placed on Bombardier—a large multinational corporation that manufactures airplanes for use all over the world—by forcing it to defend a lawsuit in Wisconsin. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (noting that "modern transportation and communications" have lessened the burden of defending a lawsuit in an inconvenient forum (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957))). Moreover, contrary to Bombardier's assertion, the Court's exercise of personal jurisdiction will serve the interests of judicial economy, allowing efficient resolution of Johnson's claims in a single suit. *See Tamburo v. Dworkin*, 601 F.3d 693, 710 (7th Cir. 2010).

## CONCLUSION

Because this Court may exercise personal jurisdiction over Bombardier consistent with both Wisconsin's long-arm statute and due process, Bombardier's motion to dismiss is denied. If

---

[2] The initial complaint alleged that Johnson was a Wisconsin resident. (ECF No. 1-1 at 9.) According to the Second Amended Complaint, he now resides in Arkansas. (ECF No. 48 ¶3.)

discovery provides additional facts that establish personal jurisdiction is improper, Bombardier may renew its motion at that time with proper factual support.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant Bombardier Inc's Motion to Dismiss for Lack of Jurisdiction, ECF No. 53, is **DENIED**.

Dated at Milwaukee, Wisconsin on May 1, 2025.

                                                            s/ *Brett H. Ludwig*
                                                            BRETT H. LUDWIG
                                                            United States District Judge