UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD E JOHNSON,

        Plaintiff,

COMPCARE HEALTH SERVICES INSURANCE CORPORATION,

        Involuntary Plaintiff,

v.                                    Case No. 24-cv-120-bhl

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY et al,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING CASE

        Plaintiff Edward Johnson alleges that he was injured on a flight operated by Defendant SkyWest Airlines, Inc. (SkyWest) when a panel fell from an overhead storage compartment during landing, striking him and several other passengers. Plaintiff has sued SkyWest along with its insurer, Allianz Global Risks US Insurance Company (Allianz), and two potential manufacturers of the airplane, Bombardier, Inc. (Bombardier) and Mitsubishi Heavy Industries America, Inc. (Mitsubishi), on theories of negligence and strict products liability. All defendants have moved for summary judgment and, in common, they highlight Plaintiff's failure to develop evidence from which a jury could find them liable. Bombardier and Mitsubishi emphasize that Plaintiff took no discovery to even determine which of them manufactured the airplane at issue. They also point to his failure to secure expert testimony identifying any potential defect in the design or manufacture of the airplane or its overhead paneling. SkyWest and Allianz similarly target Plaintiff's failure to come forward with evidence of SkyWest's negligent maintenance or operation of the airplane and the lack of admissible evidence on causation.

        The record confirms that Plaintiff's efforts in discovery were minimal and that he has otherwise done little to marshal evidence to support his claims. He took no depositions, did not

request discovery from Bombardier or Mitsubishi, and even though this is nominally a products liability lawsuit, has not retained an expert to opine on any allegedly defective design, manufacturing, maintenance, or operation of the aircraft. The lack of competent evidence in the summary judgment record means Plaintiff's claims cannot survive to trial. Accordingly, the defendants' motions will be granted and the case dismissed.

## FACTUAL BACKGROUND[1]

On May 13, 2021, Plaintiff was a passenger on a Delta Connection flight operated by SkyWest traveling from Minneapolis, Minnesota to Milwaukee, Wisconsin. (ECF No. 82 ¶¶1–2.) Upon landing, a panel fell from an overhead storage compartment and struck Plaintiff and two of his traveling companions. (*Id.* ¶¶12–16.) Following the incident, SkyWest maintenance personnel determined that the forward retaining stud on the panel was damaged. (*Id.* ¶¶19–20.) The damaged stud was removed and replaced, and the panel reinstalled. (*Id.*)

Prior to the incident, on March 25, 2021, Plaintiff had an implantable cardioverter-defibrillator implanted in his chest due to a preexisting medical condition. (*Id.* ¶4.) On May 12, 2021, the day before the flight, Plaintiff reported that his surgical wound had opened up, pus had discharged, and the defibrillator was visible. (*Id.* ¶11.) But he also maintains that the falling panel struck his chest, causing his surgical wound to open and begin to bleed. (*Id.* ¶¶12, 35.) Plaintiff was admitted to the emergency room immediately after the flight and his defibrillator was removed. (*Id.* ¶32.) A second defibrillator was implanted months later. (*Id.* ¶13.) Plaintiff did not immediately report having been hit by the panel or any resulting injuries to the airline. (*Id.* ¶¶14–18, 38.)

The flight took place on a CRJ900 series aircraft. (ECF No. 80 ¶7.) Bombardier was originally responsible for the design and manufacture of the CRJ900 series. (*Id.*) Currently, Mitsubishi is responsible, at least in part, for the design or manufacture of CRJ900 series aircraft. (*Id.* ¶8.) The record does not establish whether Bombardier or Mitsubishi America manufactured the subject aircraft.

---

[1] This factual background is derived from the parties' proposed statements of material facts, (ECF Nos. 80 & 82), and supporting evidence. All disputed facts are presented in the light most favorable to Plaintiff, the nonmoving party. *See EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

# SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could influence the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

If the parties assert different characterizations of the facts, the Court must view the record in the light most favorable to the non-moving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## ANALYSIS

Plaintiff alleges that the falling overhead panel struck him in the chest, causing his surgical wound to open and necessitating multiple surgeries to remove and replace his defibrillator. (ECF No. 82 ¶¶12–13.) He seeks to hold one or more of the defendants responsible for his injuries based on their failures to adequately design, manufacture, or maintain the overhead panel. Plaintiff asserts claims for negligence against all defendants, as well as strict products liability claims against Bombardier and Mitsubishi. (ECF No. 48 ¶¶10–35.) Defendants have moved for summary judgment, each insisting that Plaintiff has failed to come forth with evidence sufficient to warrant a jury trial on any of his claims. Bombardier and Mitsubishi contend that Plaintiff's failure to offer expert testimony on the design or manufacture of the overhead panel dooms his claims against them, as does his failure to provide *any* evidence identifying either company as manufacturer of the subject aircraft. (ECF No. 68 at 2–3.) SkyWest contends that Plaintiff has provided no evidence that it negligently maintained or operated the aircraft and no admissible evidence that its alleged negligence caused his injuries. (ECF No. 63 at 7.) Because Plaintiff has not come forward with evidence sufficient to allow a jury to find in his favor on any claim, the defendants' motions will be granted and the case dismissed.

**I. Plaintiff Has Failed to Present Evidence that the Overhead Panel Was Negligently or Defectively Designed or Manufactured by Bombardier or Mitsubishi.**

In his complaint, Plaintiff alleges that there was a defect in the manufacture or design of the overhead panel of the CRJ900 airplane that caused it to break free and injure him. (ECF No. 48 ¶¶22, 25, 30, 33.) He seeks to hold Bombardier and Mitsubishi liable on theories of negligence and strict products liability. (*Id.* ¶¶20–35.) Under Wisconsin law, which the parties agree applies, both legal theories require Plaintiff to prove that his injury was caused by the defective design or manufacture of the overhead panel. *See Burton v. E.I. du Pont de Nemours & Co.*, 994 F.3d 791, 817–18 (7th Cir. 2021). Bombardier and Mitsubishi argue they are entitled to summary judgment because the record is devoid of evidence establishing either company's role in the incident and because Plaintiff has not supported his theory with expert testimony, leaving the finder of fact to speculate on issues of aircraft design and maintenance, matters they are not competent to decide. (ECF No. 68 at 2–6.)

Under Wisconsin law, expert testimony is required "when unusually complex or esoteric issues are before the jury." *White v. Leeder*, 440 N.W.2d 557, 562 (Wis. 1989). A court must require expert testimony to establish liability if the matter at issue "is not within the realm of

ordinary experience and lay comprehension." *Id.* (citing *Netzel v. State Sand & Gravel Co.*, 186 N.W.2d 258 (Wis. 1971)). Bombardier and Mitsubishi cite to a host of Seventh Circuit cases noting that expert testimony is generally required in negligence and products liability cases. (ECF No. 68 at 3–4 (citing *Kirk v. Clark Equip. Co.*, 991 F.3d 865, 878 (7th Cir. 2021) (design of skid-steer loader); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 681 (7th Cir. 2006) (airbag deployment); *Faxel v. Wilderness Hotel & Resort, Inc.*, 113 F.4th 711, 717 (7th Cir. 2024) (water park maintenance); *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) (cause of chronic injuries); *Peters v. Astrazeneca LP*, 224 F. App'x 503, 506 (7th Cir. 2007) (taste loss from medication).)

Plaintiff insists the record contains sufficient evidence to allow him to get to trial notwithstanding his lack of an expert. (ECF No. 78 at 3–8.) He attempts to distinguish the authorities cited by Bombardier and Mitsubishi by arguing that plaintiffs in those cases not only failed to produce expert testimony but also failed to provide "evidence in general" to prove their claims. (ECF No. 78 at 3.) Plaintiff contends there is sufficient other evidence in the record to make expert testimony unnecessary. He primarily relies on a SkyWest maintenance report following the incident indicating that a forward retaining stud on the overhead panel was damaged. (*Id.* at 4 (citing ECF No. 80 ¶10).) He argues that a jury will not be asked to understand the complex inner workings of aircraft engines, but rather "that a simple damaged and/or defective stud connecting a panel to a stowage compartment is evidence of a defect caused by the manufacturer and/or designer." (*Id.*)

Plaintiff overstates the evidentiary significance of SkyWest's maintenance report, which merely indicates that a forward retaining stud was damaged at the time of the incident. As Bombardier and Mitsubishi point out, the accident occurred after the airplane had been outside the manufacturer's control for some unknown period of time. While a jury might find that the damaged stud led to the panel's fall, the report offers no evidentiary basis for the jury to find that either Bombardier or Mitsubishi were responsible for the stud being damaged in the first place. Plaintiff purports to be pursuing a claim based on faulty design or manufacture of the aircraft, but without expert testimony connecting the damaged stud to a defect in the airplane's design or manufacture, there is no basis beyond speculation to hold either of these defendants liable. *See Johnson v. Mylan Inc.*, 107 F. Supp. 3d 967, 972 (E.D. Wis. 2015) ("Expert testimony is required if the issue to be decided by the jury is outside the common knowledge of a layman.")

Contrary to Plaintiff's assertions, the mere fact that jury members will likely have "experience interacting" with overhead storage compartments does not obviate the need for expert testimony. (*See* ECF No. 78 at 5.) A juror's common experience using an overhead storage compartment does not make that juror competent to find facts concerning the technical specifics of airplane design, manufacture, and maintenance, or how components respond over time to the stresses of commercial airline travel. In sum, Plaintiff's failure to procure an expert on the subject precludes liability against either Bombardier or Mitsubishi.

Plaintiff's claims against Bombardier and Mitsubishi fail for an additional reason also related to his failure to develop the record. While the complaint alleges that one of these two defendants designed or manufactured the airplane at issue, Plaintiff offers no evidence on which of them was in fact responsible for the design and manufacture of the specific plane on which he was injured. Over different periods of time, both Bombardier and Mitsubishi were responsible for the design and manufacture of CRJ900 series aircraft. (ECF No. 80 ¶¶7–8.) Defendants point out that Plaintiff did not take *any* discovery to try to determine which of them was responsible for the design or manufacture of the particular CRJ900 aircraft at issue here. (ECF No. 68 at 2–3.) Plaintiff has not disputed this hole in his evidence. (*See* ECF No. 78 at 2.) Absent such evidence, he cannot establish beyond speculation that either Bombardier or Mitsubishi should be liable for his injuries. This remains the case even if he could establish that the aircraft at issue was negligently designed or manufactured. His inability to ascribe the alleged negligence to a specific defendant also precludes him from recovering and is an independent basis for summary judgment on his claims against the would-be manufacturers. *See Gibson v. Am. Cyanamid Co.*, 756 F. Supp. 3d 660, 664 (E.D. Wis. 2024) (noting the general rule that a plaintiff must prove that a specific defendant caused his injury); *see also* Wis. Stat. §895.046(3) (requiring a products liability claimant to prove that the defendant manufactured the specific product alleged to have caused his injuries).

## II. Plaintiff Has Also Failed to Present Evidence that SkyWest Negligently Maintained or Operated the Airplane.

Plaintiff's claims against SkyWest are based on theories of negligence and three alternate standards of care: general negligence, common carrier negligence, and violation of Federal Aviation Act (FAA) regulations. (ECF No. 48 ¶¶10–19.) To prevail on a claim for negligence under Wisconsin law, Plaintiff must establish: (1) a duty of care owed him by SkyWest; (2) a breach of that duty; (3) a causal connection between the breach and his injury; and (4) actual loss

or damages resulting from his injury. *White v. United States*, 148 F.3d 787, 793 (7th Cir. 1998). SkyWest contends that it is entitled to summary judgment because Plaintiff has failed to present evidence that it breached its duty of care through negligent maintenance or operation of the airplane. (ECF No. 63 at 10–11.)[2]

As an initial matter, the parties dispute the applicable standard of care governing SkyWest's duty to Plaintiff. SkyWest argues that the FAA and its implementing regulations preempt any state-law standard of care and thus the duty of care owed by SkyWest is defined by those regulations. (ECF No. 63 at 7–10 (citing *Bradshaw v. Am. Airlines, Inc.*, 123 F.4th 1168, 1178 (10th Cir. 2024)).) Plaintiff argues that, although the FAA preempts state law on some aspects of commercial airline travel, it does not pervasively regulate the maintenance of overhead storage compartments and therefore does not preempt the standard of care prescribed by state tort law. (ECF No. 81 at 3–5 (citing *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 811 (9th Cir. 2009)).) The Seventh Circuit has not decided whether the FAA preempts the field of aircraft maintenance, and the Court need not resolve the question here. As explained below, Plaintiff has failed to present *any* evidence of SkyWest's negligence and, accordingly, cannot recover regardless of the applicable standard of care.

Like his claims against Bombardier and Mitsubishi, Plaintiff's negligence claims against SkyWest are precluded by his failure to come forward with evidence to support a non-speculative finding of negligence by SkyWest. As with the other defendants, Plaintiff did not take depositions of any SkyWest employees or representatives, (ECF No. 63 at 10), and has not proffered any expert to opine on the design, manufacture, maintenance, or inspection of the overhead storage panel or the general maintenance or operation of the aircraft at issue. Instead, he again relies on SkyWest's maintenance report that the overhead panel's forward retaining stud was damaged. (ECF No. 81 at 5–6.) But again, that report cannot, on its own, establish that SkyWest was negligent. That the stud was damaged at the time of the incident says nothing about how or when that damage came about, who was responsible for it becoming damaged, or how that damaged stud resulted in any harm to Plaintiff. These questions are thus left for pure speculation by the finder of fact. Plaintiff

---

[2] SkyWest also argues that Plaintiff cannot prove causation without the expert testimony of Dr. Makkuni, whom SkyWest has moved to exclude because Plaintiff failed to timely disclose this testimony under the Court's scheduling order. (*Id.* at 11–13; ECF No. 66.) Because the Court is satisfied that Plaintiff's failure to present evidence of SkyWest's negligence entitles the airline to summary judgment, it need not reach the issue of causation or SkyWest's motion to strike Dr. Makkuni's testimony.

also argues that while SkyWest's evidence may show that its flight attendants regularly inspected the cabin both before and after flights, it has not shown it was not negligent in its maintenance of the aircraft. (*Id.* 5 (citing ECF No. 82 ¶21).) This misunderstands the burden of proof. It is not SkyWest's burden as a defendant to disprove Plaintiff's claims. To survive summary judgment, Plaintiff must put forth "definite, competent evidence" sufficient to support his claims. *See Sears*, 233 F.3d at 437.

Having failed to develop any evidence to support his claims, Plaintiff turns to the doctrine of *res ipsa loquitur*, suggesting that the jury can simply infer SkyWest's negligence from the circumstances of the accident. (ECF No. 81 at 6–7.) Under Wisconsin law, the doctrine of *res ipsa loquitur* allows the finder of fact to infer negligence based on common sense. *Johnson v. Mylan, Inc.*, 107 F. Supp. 3d 967, 971 (E.D. Wis. 2015) (citing *Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 671 N.W.2d 346, 354 (Wis. Ct. App. 2003)). But it applies in only limited circumstances "to bridge an evidentiary gap when an injury could not have happened but for the defendant's negligence." *Buechel v. United States*, 746 F.3d 753, 765 (7th Cir. 2014). The Wisconsin Supreme Court described the circumstances in which the doctrine applies as when:

> (a) either a laymen is able to determine as a matter of common knowledge or an expert testifies that the result which occurred does not ordinarily occur in the absence of negligence, (b) the agent or instrumentality causing the harm was within the exclusive control of the defendant, and (c) the evidence offered is sufficient to remove the causation question from the realm of conjecture, but not so substantial that it provides a full and complete explanation of the event.

*Peplinski v. Fobe's Roofing, Inc.*, 531 N.W.2d 597, 601 (Wis. 1995) (quoting *Lecander v. Billmeyer*, 492 N.W.2d 167, 170–71 (Wis. Ct. App. 1992)).

The doctrine of *res ipsa loquitur* cannot excuse Plaintiff's lack of evidence here. First, as explained above, the mechanics of airplane design, manufacture, and maintenance are not matters within the common knowledge of an average juror. While a layperson can understand that an overhead panel is not meant to fall from an airplane, diagnosing the cause of that fall is not within the realm of common experience; it requires expert testimony. A layperson would not know whether a design or manufacturing defect caused the panel to fall or whether the damaged retaining stud could have been discovered through adequate maintenance and inspection procedures. Plaintiff invites the jury to speculate on these fundamental issues, on which he has the burden of

proof. Because resolving these issues would require speculation, *res ipsa loquitur* does not apply and Plaintiff's claims cannot survive summary judgment. *See Peplinski*, 531 N.W.2d at 601; *see also Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) ("[I]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." (quoting *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 517 F.3d 470, 473 (7th Cir. 2008))).

In a final effort to save his claims, Plaintiff argues that SkyWest should be precluded from contesting his claims because it failed to preserve the damaged panel for inspection. (ECF No. 81 at 7–8.) He cites to a Wisconsin case on spoliation of evidence. (*Id.* at 7 (citing *Estate of Neumann ex rel. Rodli v. Neumann*, 626 N.W.2d 821 (Wis. Ct. App. 2001)).) Spoliation is a matter of procedure and evidence and, in this removed case, is governed by federal, not state law. *See Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806 (7th Cir. 1995). Under federal law, this Court's power to impose spoliation sanctions arises only if a party destroys evidence in bad faith. *See Bracey v. Grondin*, 712 F.3d 1012, 1018–19 (7th Cir. 2013). "Bad faith" means destruction of evidence "for the purpose of hiding adverse information." *Id.* at 1019 (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008)). Plaintiff bears the burden to show bad faith. *See id.*

There is no evidence that SkyWest failed to preserve the panel in bad faith. To the contrary, the record confirms that Plaintiff did not report that he was injured to any SkyWest employee. (ECF No. 82 ¶¶16, 38.) At the time the parts were discarded, SkyWest had no reason to believe it needed to retain the parts now at issue. Moreover, Plaintiff raises this issue far too late and without taking basic steps to support his arguments. For example, Plaintiff did not request inspection of either the aircraft or panel during discovery. (ECF No. 87 at 10–11.) Nor did he move to compel production of the panel. He also failed to retain an aircraft expert or otherwise attempt to obtain evidence explaining why the panel fell. Having failed to timely and diligently pursue this evidence during the long history of this case, Plaintiff cannot come to the Court at summary judgment and request a discovery sanction as a means of avoiding his failure to develop the record to support his claims.

## CONCLUSION

To survive summary judgment, a plaintiff must "put up or shut up." *Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th

Cir. 1999)). In other words, he must put forth evidence sufficient to support his claims. Because Plaintiff has failed to present evidence sufficient to find any Defendant liable for his injuries, his case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants SkyWest and Allianz's Motion for Summary Judgment, ECF No. 62, and Defendants Bombardier and Mitsubishi's Motion for Summary Judgment, ECF No. 68, are **GRANTED** and this case is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that SkyWest and Allianz's Motion to Strike, ECF No. 66, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties' Motions in Limine, ECF Nos. 91, 98 & 101, are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on July 25, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge